IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GURCHARAN S. SINGH,                          3:13-CV-01342-BR

        Appellant,                           OPINION AND ORDER

v.

MBANK; URBAN HOUSING
DEVELOPMENT, LLC; METRO;
JPMORGAN CHASE BANK, N.A.;
FIELD JERGER, LLP; JPMORGAN
CHASE/WASHINGTON MUTUAL; and
KEY HOLDINGS, LLC,

        Appellees.


GURCHARAN S. SINGH
4520 S.E. Anderegg Loop
Portland, OR 97236
(503) 720-7530

        Appellant, *Pro Se*

BRENT G. SUMMERS
Tarlow Naito & Summers LLP
150 S.W. Harrison Street, Suite 200
Portland, OR 97201
(503) 688-1366

        Attorneys for Appellee Mbank


1 - OPINION AND ORDER

**DANIEL L. STEINBERG**
Greene & Markley, PC
1515 S.W. Fifth Avenue
Suite 600
Portland, OR 97201
(503) 295-2668

>        Attorneys for Appellees Urban Housing Development, LLC,
>        and Key Holdings, LLC

**GREGG D. JOHNSON**
**STEVEN K. BLACKHURST**
Ater Wynne, LLP
1331 N.W. Lovejoy Street
Suite 900
Portland, OR 97209-2785
(503) 226-8650

>        Attorneys for Appellee Metro

**JENNIFER L. ASPAAS**
Routh Crabtree Olsen, P.S.
3535 Factoria Blvd SE, Suite 200
Bellevue, WA 98006
(425) 586-1927

>        Attorneys for Appellee JPMorgan Chase Bank, N.A.

**JOHNSTON A. MITCHELL**
Coers Mitchell Law LLC
2100 N.E. Broadway Street, Suite 105
Portland, OR 97232
(503) 719-6795

**MATTHEW A. ARBAUGH**
Field Jerger LLP
610 S.W. Alder
Suite 910
Portland, OR 97205
(503) 228-9115

**MICHAEL B. GOTTLIEB**
8630 S.W. Scholls Ferry Road
Suite #302
Beaverton, OR 97008
(503) 546-0498

2 - OPINION AND ORDER

Attorneys for Appellee Field Jerger, LLP

**CARA J. RICHTER**
Shapiro & Sutherland
1499 S.E. Tech Center Place
Suite 255
Vancouver, WA 98683
(360) 260-2253

Attorneys for Appellee JPMorgan Chase/Washington Mutual

**BROWN, Judge.**

This matter comes before the Court on the Motion (#119) to Dismiss of Appellee Metro and the Motion (#121) to Dismiss of Appellees/Interested Parties Urban Housing Development, LLC, and Sky Holdings, Inc. For the reasons that follow, the Court **GRANTS** the Motions of Appellees/Interested Parties and **DISMISSES** this matter for lack of jurisdiction.

## BACKGROUND

On January 20, 2003, Appellant Gurcharan S. Singh purchased property at 18630 Highway 99E, Oregon City, Oregon. On July 14, 2005, Appellant also purchased property at 6729 S.E. 162nd Avenue, Portland, Oregon. Both properties were encumbered with separate trust deeds in favor of Appellee MBank.

On August 15, 2012, Appellant transferred both properties to the Brar Family Trust. At some point after August 15, 2012, Appellant executed warranty deeds before a notary public to complete the transfer of the properties to the Brar Family Trust.

On August 16, 2012, the warranty deed transferring the 162nd Avenue property was recorded in the Multnomah County real property records and the warranty deed transferring the Highway 99E property was recorded in the Clackamas County real property records.

On September 12, 2012, MBank commenced nonjudicial foreclosure proceedings on both properties and issued Notices of Default and Elections to Sell as to both properties. MBank's Trustee set the foreclosure sale date on January 28, 2013.

On January 23, 2013, Appellant filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Oregon.

On January 28, 2013, MBank's trustee conducted foreclosure sales on both properties. Appellee Urban Housing Development, LLC (UHD) purchased the 162nd Avenue property[1] and Appellee Metro purchased the Highway 99E property.

On February 25, 2013, Appellant filed in the Bankruptcy Court a Motion to Set Aside the foreclosure sales. On April 22, 2013, Appellant filed in the Bankruptcy Court an Amended Motion to Set Aside the foreclosure sales. Appellant asserted in those Motions that Appellees had violated the automatic bankruptcy stay provision of § 362 (a)(3) and (6) of the Bankruptcy Code by

---

[1] At some point UHD sold the 162nd Avenue property to interested party Sky Holdings, LLC.

4 - OPINION AND ORDER

conducting the foreclosure sales. Appellant sought the following relief: (1) rescind or set aside the sale of the two properties, (2) hold MBank in contempt for violating the automatic stay, and (3) award damages against MBank for its alleged violation of the automatic stay.

MBank, Metro, and UHD asserted in their responses to Appellant's Motions that Appellant did not have any legal or equitable interest in the foreclosed properties because Appellant had transferred his legal and equitable interests in both properties to a separate legal entity (*i.e.*, the Brar Family Trust) by warranty deed before Appellant filed for bankruptcy. MBank, Metro, and UHD noted under Oregon Revised Statute § 93.850, a conveyance of real estate by warranty deed forever estops the transferor from claiming any legal or equitable interest in the property he transferred. According to MBank, Metro, and UHD, Appellant was estopped by § 93.850 from asserting any interest in the foreclosed properties and, therefore, he could not challenge the foreclosure sales.

On May 30, 2012, Bankruptcy Judge Trish Brown held a hearing on Appellant's Motions, heard testimony, and took other evidence. At the hearing, Judge Trish Brown made the following findings of fact and conclusions of law on the record:

1.  Oregon law governed the transfer of the properties by Appellant to the Brar Family Trust;

5 - OPINION AND ORDER

2.   The properties were transferred to the Brar Family
     Trust by Appellant via statutory warranty deeds several
     months before the Appellant filed for bankruptcy; and

3.   As a result of the transfers by Appellant and pursuant
     to § 93.850, Appellant and his bankruptcy estate did
     not have any legal or equitable interest in the
     property either at the time of the foreclosure or when
     Appellant filed his bankruptcy petition.

On June 6, 2013, Judge Trish Brown entered an Order denying
Appellants' Motions and held the foreclosure sales did not
violate the automatic-stay provision of § 362 for the reasons
stated on the record at the May 30, 2013, hearing.

On August 8, 2013, Appellant appealed Judge Trish Brown's
June 6, 2013, Order to this Court.

On September 3, 2013, Bankruptcy Judge Randall Dunn entered
an Order dismissing Appellant's bankruptcy case in its entirety
on the ground that Appellant failed to confirm a reorganization
plan within a reasonable time as required by § 1307(c)(1) of the
Bankruptcy Code.  Judge Dunn noted in his Order dismissing
Appellant's bankruptcy case that "the Bankruptcy Code provisions
for an automatic stay of certain actions and proceedings against
the debtor(s) . . . and their property are no longer in effect."
Bankr. Dkt. #123.  Appellant did not appeal the Dismissal Order.

On October 7, 2013, Metro filed in this Court a Motion to

Dismiss Appeal.  On October 8, 2013, MBank joined Metro's Motion to Dismiss.  On October 8, 2013, UHD and Sky Holdings filed a Motion to Dismiss Appeal.

The Court took this matter under advisement on November 22, 2013, pursuant to the Court's Oder (#126) issued October 10, 2013.


## DISCUSSION

Appellees/Interested Parties assert in their Motions to Dismiss Appeal that the appeal of Judge Trish Brown's Order is moot because Judge Dunn dismissed Appellant's underlying bankruptcy case in its entirety, and, therefore, this Court lacks jurisdiction.

Although this Court has jurisdiction over appeals from final orders of the Bankruptcy Court under 28 U.S.C. § 158, this Court lacks jurisdiction to hear Bankruptcy Court appeals that have become moot.  *See United States v. Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001)(dismissing an appeal as moot when the underlying Chapter 13 bankruptcy proceeding had been dismissed on the ground that the court "lack[ed] jurisdiction to hear moot cases.").  *See also United States v. Arkison (In re Cascade Rds.*, 34 F.3d 756, 759 (9th Cir. 1994)(appeal of a bankruptcy case must be dismissed when the bankruptcy case becomes moot during appeal).

The Ninth Circuit has held whether appeal for a bankruptcy

7 - OPINION AND ORDER

case becomes moot on the dismissal of the underlying bankruptcy case depends on how closely the issue on appeal is connected to the underlying bankruptcy proceeding.  *See Spacek v. Thomas (In re Universal Farming Indus.)*, 873 F.2d 1334, 1335 (9th Cir. 1989) ("In the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy.").  *See also In re Bevan*, 327 F.3d 994, 995 (9th Cir. 2003)(same).

In his appeal Appellant seeks reversal of Judge Trish Brown's Order denying Appellant's Motions to Set Aside the foreclosure sales, to rescind the foreclosure sales, and to award damages against MBank.[2]  In his bankruptcy case Appellant sought to have the Bankruptcy Court (1) rescind or set aside the sale of the two properties, (2) hold MBank in contempt for violating the automatic stay, and (3) award damages against MBank for its alleged violation of the automatic stay.  This appeal, therefore, is closely connected to the underlying bankruptcy case.

In addition, Appellant failed to appeal the Order dismissing his bankruptcy case within "14 days of the date of the entry of the . . . order" as required under Federal Rule of Bankruptcy

---

[2] Appellant also seeks other relief, but the relief he seeks and the allegations on which he bases his claims for that relief were not raised before the Bankruptcy Court.  This Court, therefore, does not have jurisdiction to review those claims on appeal.

Procedure 8002(a).  Accordingly, Judge Dunn's Order dismissing Appellant's bankruptcy case is final.

In *In re Income Property Builders, Inc*., 699 F.2d 963 (9th Cir. 1982), the Ninth Circuit dismissed a bankruptcy appeal under similar circumstances.  The debtor in that case (Income Property Builders, Inc.) was the owner of a condominium.  The debtor filed a Chapter 11 proceeding in bankruptcy court on January 9, 1980. On January 18, 1980, Lomas & Nettleton Co. (L & N), which owned a trust deed on the condominium, filed an adversary proceeding seeking to set aside the automatic stay mandated by 11 U.S.C. § 362(a).  At the hearing on the adversary proceeding, the debtor did not appear and the relief requested by L & N was granted, which allowed L & N to sell the condominium.  Armel Laminates, Inc., claimed a mechanic's lien on the property before the sale and filed a motion to intervene in the adversary proceeding and a motion to reimpose the stay on the ground that Armel was entitled to notice of the proceedings and it did not receive such notice. The bankruptcy court denied both motions.  Armel did not file an application for a stay of the sale pending appeal, and the condominium was sold.  At some point after the sale Armel appealed both motions to the United States Bankruptcy Appellate Panel, which dismissed the appeals as moot on September 9, 1980. Armel appealed the decision of the Bankruptcy Appellate Panel to the Ninth Circuit.  The Ninth Circuit dismissed the appeal as

moot and noted the debtor had filed an application to dismiss its
petition in bankruptcy on February 19, 1980; creditors had not
filed any objections; and the bankruptcy judge had dismissed the
bankruptcy petition. *Id*. at 964. "No attack was made on the
order dismissing the petition, and no appeal was taken from it
within the" time required under the Federal Rules of Bankruptcy
Procedure. Accordingly, the order dismissing the bankruptcy
appeal became final. *Id*. at 964. The Ninth Circuit concluded
under those circumstances that the appeal of the Bankruptcy
Appellate Panel decision was moot:

> Obviously the automatic stay provided in 11 U.S.C.
> § 362(a) was dependent upon the operation of the
> bankruptcy law, and that law was pertinent only
> because of the existence of the proceeding in
> bankruptcy. The order granting the stay was made
> in the exercise of a power conferred by bankruptcy
> law. Any power that we have with respect to the
> stay is derived from our appellate power in
> bankruptcy matters. Once the bankruptcy was
> dismissed, a bankruptcy court no longer had power
> to order the stay or to award damages allegedly
> attributable to its vacation. A remand by us to
> the bankruptcy court would therefore be useless.
>
> If we had some power to restore the bankruptcy
> proceeding, the situation would be different, but
> there is no appeal from the order dismissing it.

*Id*.

Similarly, in *In re Bay Vista Apartments, LLC*, No. CC-11-
1121-PePaH, 2011 WL 7145995 (9th Cir. B.A.P. Dec 19, 2011), the
debtor filed for bankruptcy under Chapter 11 on September 27,
2010. At issue was an apartment complex (the Property) owned by

the debtor.  The Federal National Mortgage Association (FNMA)
held a first priority lien on the Property.  At some point FNMA
filed a motion for relief from the stay, which the bankruptcy
court granted.  The debtor filed a notice of appeal from the
order granting FNMA relief from the stay and filed an emergency
motion in the bankruptcy court for a stay pending appeal.  The
bankruptcy court denied the motion.  The debtor then filed a
motion for stay pending the debtor's appeal with the Bankruptcy
Appellate Panel, which the bankruptcy court also denied.  FNMA
subsequently conducted a foreclosure sale of the property.  The
debtor sought reversal of the bankruptcy court's order granting
relief from the stay pending the debtor's appeal to the
Bankruptcy Appellate Panel.  After the debtor filed an appeal
with the Bankruptcy Appellate Panel of the bankruptcy court's
order to grant relief from the stay, the bankruptcy court
dismissed the underlying bankruptcy case.  The debtor did not
file a notice of appeal from the order of dismissal.  The
Bankruptcy Appellate Panel dismissed the debtor's appeal of the
bankruptcy court's order granting relief from the stay as moot:

> It is well established that we lack jurisdiction
> to hear moot appeals.  *In re Pattullo*, 271 F.3d at
> 900 (9th Cir. 2001)(quoting *Koppers Indus., Inc.*
> *v. U.S. E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990).
>
> * * *
>
> As in *Income Prop. Builders*, in this case the time
> allowed for appeal of the order dismissing the
> case has expired.  Under Rule 8002(a), a notice of

appeal must be filed "within 14 days of the date
of the entry of the judgment, order, or decree
appealed from."  Debtor failed to file such
notice.  The court in *Income Prop. Builders* noted
that, if it "had some power to restore the
bankruptcy proceeding, the situation would be
different, but there is no appeal from the order
dismissing [the bankruptcy proceeding.]"  699 F.2d
at 964.  The same logic applies in this case.  The
bankruptcy case is beyond "restoration" because
debtor did not appeal the order of dismissal.

*Id.*, at *1-*2.

Here the appeal is closely connected to the underlying
bankruptcy case, Appellant's bankruptcy case was dismissed,
Appellant did not appeal the dismissal, and the time for appeal
of the dismissal has passed.  The Court, therefore, concludes
dismissal of the bankruptcy proceeding moots this appeal and the
bankruptcy proceeding is "beyond restoration."  Thus, this Court
lacks jurisdiction to hear the appeal.

Accordingly, the Court grants the Motions to Dismiss of
Appellees/Interested Parties.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#119) to
Dismiss of Appellee Metro and the Motion (#121) to Dismiss of
Appellees/Interested Parties Urban Housing Development, LLC, and

12 - OPINION AND ORDER

Sky Holdings, Inc., and **DISMISSES** this matter.

    IT IS SO ORDERED.

    DATED this 22nd day of January, 2014.


                    /s/ Anna J. Brown

                    _____
                    ANNA J. BROWN
                    United States District Judge